(626 P.2d 816)
No. 52,063

WARREN W. SPIKES, *Appellant*, v. RAYMOND BAUER and DEAN PAINTER, *Appellees*.

Opinion filed April 17, 1981.

*Kathleen M. Boelte*, of Concannon, Boelte & Boelte, of Sublette, for appellant.

*Curtis E. Campbell*, of Frigon & Campbell, Chartered, of Cimarron, for appellees.

Before JUSTICE FROMME, presiding, PARKS, J., and TYLER C. LOCKETT, District Judge, assigned.

FROMME, J.: Plaintiff Warren W. Spikes sues for damages resulting from the refusal of defendant Dean Painter to perform under a contract to sell hay to Raymond Bauer.

Spikes contracted with Bauer to purchase hay from him at $40.00 per ton. Painter contracted with Bauer to sell him 130 acres of growing hay for $27.00 a ton. Bauer baled some of the hay and stacked the balance on the premises. He removed the baled hay without paying for the same. Painter then advised Bauer not to remove any more hay until full payment was made. Bauer tendered a check to Painter for the hay at $24.00 per ton. The tender was refused because of the amount tendered.

Spikes paid Bauer $7,560.00 for 189 tons of hay and noted on the check "(for Dean Painter's hay)." Bauer absconded and Spikes seeks to recover damages from Painter for failure to perform his contract with Bauer. Painter had resold the hay when this action was filed. Bauer was in default when judgment was entered in favor of defendant Painter on a motion to dismiss. We assume Bauer was never served with summons in the action.

The facts were not in dispute and the trial judge in entering judgment for Painter considered those undisputed facts contained in the depositions and in the plaintiff's brief filed in

response to the motion to dismiss. When this occurs the pertinent part of K.S.A. 60-212(*b*) provides:

"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleadings to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in K.S.A. 60-256 . . . ."

So the motion to dismiss was properly treated in this case as one for summary judgment and rules governing disposition of cases on summary judgment were properly applied.

The plaintiff in pursuing this action against Painter is confronted at the outset with the fact he had no contract or agreement with Painter. Plaintiff's rights in the hay must come through a separate and independent agreement with Bauer. There was no agreement between Spikes and Painter. Accordingly we must turn our attention to the agreement between Painter and Bauer.

Under K.S.A. 84-2-301 of the Uniform Commercial Code relating to sales "[t]he obligation of the seller [Painter] is to transfer and deliver and that of the buyer [Bauer] is to accept and pay in accordance with the contract." Unless otherwise agreed on by the parties the payment is due on delivery and receipt of the goods. K.S.A. 84-2-507. In the present case payment was due on delivery and payment was demanded and not made. Tender on the basis of $24.00 per ton was not in compliance with the agreement. The seller properly rejected the tender. The buyer's right to take possession and dispose of the goods was conditional upon his making the payment due. K.S.A. 84-2-507. Under K.S.A. 84-2-703 where the buyer fails to make a payment due on or before delivery, the seller may, among other things, cancel and resell the goods. See *Desbien v. Penokee Farmers Union Cooperative Association*, 220 Kan. 358, 369, 552 P.2d 917 (1976). Receipt of the goods means taking physical possession of them. K.S.A. 84-2-103(*c*). Without the consensual giving up of the goods by the seller, it cannot be said that the buyer "received" the goods as defined in K.S.A. 84-2-103(*c*). *Nelson v. Hy-Grade Construction & Materials, Inc.*, 215 Kan. 631, 634, 527 P.2d 1059 (1974).

In the present case delivery and payment and receipt were to be simultaneous. Bauer never made or tendered proper payment under the contract. Painter, the seller, never gave up possession of the goods or received the agreed payment price. In exercising his prior rights as owner of the hay he used acceptable remedies

under the code as it relates to the sale of goods. Painter did not interfere with the independent contract between Spikes and Bauer so as to justify redress under K.S.A. 84-2-722.

The judgment is affirmed.